**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

v.

**NAPOLEON TAVALE, Defendant.**

High Court of American Samoa
Trial Division

CR No. 18-04

July 22, 2004

Before KRUSE, Chief Justice, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Harvey L. Kincaid, Assistant Attorney General
 For Defendant, David P. Vargas

ORDER DENYING MOTION FOR FUNDS
AND GRANTING MOTION TO SET BAIL

Defendant Napoleon Tavale ("Tavale") is charged with murder in the first degree, in violation of A.S.C.A. § 46.3502(a)(1). Tavale moves, by separate motions, for an order granting funds to hire an investigator and for an order setting bail. For the reasons stated below, we deny Tavale's motion for funding and grant his motion to set bail.

## I. Motion for Funding

■ Tavale seeks funds for an investigator to conduct independent investigation of witnesses. Tavale notes and we have earlier stated that, "[o]ne basic tool of an adequate defense is funds to pay the *necessary and essential* expenses of interviewing the material witnesses." *American Samoa Gov't v. Sanerivi*, 7 A.S.R.3d 114 (Trial Div. 2003) (citations omitted) (emphasis added).

■ However, we also have stated that "funding for these expenditures is limited. This is especially problematic in American Samoa, where an overwhelming majority of defendants rely on public counsel." *Id.* at

48

115. Accordingly, we "require a defendant to show why the requested services are necessary to an adequate defense and what the defendant expect[s] to find by using the services." *Id.* at 116 (citations omitted) (alteration in original); *see also Moore v. Kemp,* 809 F.2d 702, 712 (11th Cir. 1987) ("[A] defendant must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial.") (footnote omitted).

■ We believe Tavale has not made the requisite showing. *See, e.g., U.S. v. Gadison,* 8 F.3d 186, 191 (5th Cir. 1993) (affirming the trial court's denial of defendant's motion for an investigator when "[t]he motion filed by [defense] counsel did not show with any specificity that investigative services at the government's expense were merited" and "no showing was made that defense counsel had ferreted out information through his own efforts which was likely to lead to the discovery of relevant evidence"). Tavale did not specify any leads he needed an independent investigator to pursue, nor did he name any potential witnesses that require him to have an independent investigator. Tavale's request sounds to us like a request for a government funded fishing expedition. Because we find Tavale failed to make the requisite showing, we deny his request for funds.

## II. Motion to Set Bail

■ After considering the parties' arguments and the circumstances surrounding Tavale's situation, we believe this is an exceptional case and that bail should be granted. In reaching this conclusion we took into account a number of factors, including Tavale's young age and his alleged role in the commission of the offense. We also considered that Tavale will be living at home under the supervision of his parents. In light of all of the surrounding circumstances, we find sufficiently mitigating circumstances to allay concerns about flight risk and a continuing danger to society by setting suitable bail and conditions of release.

## Order

1. The motion for funding is denied.

2. The motion to set bail is granted. Bail is set at $100,000. Defendant's release on bail, however, shall be subject to the following conditions:

 a. Defendant shall remain a law-abiding citizen at all times;

 b. Defendant shall make all court appearances;

c. Defendant shall not leave nor attempt to leave the jurisdiction of this court, and he shall, *before* he is released, turn over his passport or other travel documents to the Attorney General;

d. Defendant shall only live at home with his parents and shall be indoors between the hours of 7:00 p.m. and 6:00 a.m., unless accompanied by one of his parents;

e. Defendant shall regularly keep his attorney appraised of his whereabouts.

It is so ordered.